JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JENNIFER EDMONDS, *individually*  *and on behalf of all others similarly situated*

**(b)** County of Residence of First Listed Plaintiff      DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Cocco, P.C.,
1500 Walnut St., Ste.900, Philadelphia, PA 19102
215-351-0200

## DEFENDANTS

CAPITAL ACCOUNTS, LLC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:-  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 U.S.C.§1692k et seq.

Brief description of cause: inaccurate credit reporting dispute

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   5/7/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| JENNIFER EDMONDS, *individually and on behalf of all others similarly situated similarly situated* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| CAPITAL ACCOUNTS, LLC | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)     Habeas Corpus -- Cases brought under 28 U.S.C. §2241
through §2255.                                                                                  (     )

(b)     Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    (     )

(c)     Arbitration -- Cases required to be designated for
         arbitration under Local Civil Rule 8.                                         (     )

(d)     Asbestos -- Cases involving claims for personal
         injury or property damage from exposure to asbestos.          (     )

(e)     Special Management -- Cases that do not fall into
         tracks (a) through (d) that are commonly referred to
         as complex and that need special or intense management
         by the court. (See reverse side of this form for a
         detailed explanation of special management cases.)             ( X )

(f)     Standard Management -- Cases that do not fall into any
         one of the other tracks.                                                          (     )

5/31/19
**(Date)**

_____
**Attorney-at-law**

 ROBERT P. COCCO, ESQ.          .
**Attorney for Plaintiff**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 7450 Sycamore Ave., Lamott PA 19027 _____

Address of Defendant: _____ 2120 Crestmoor Road, Nashville, Tennessee 37215 _____

Place of Accident, Incident or Transaction: _____ 7450 Sycamore Ave., Lamott PA 19027 _____

---

**RELATED CASE, IF ANY:**

Case Number: ___ n/a ___    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/30/2019    _____ *Attorney-at-Law / Pro Se Plaintiff*    61907 *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
*(Please specify):* _____ FDCPA

**B.  Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___ ROBERT COCCO ___, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 05/31/2019    _____ *Attorney-at-Law / Pro Se Plaintiff*    61907 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER EDMONDS, on behalf of herself and all others similarly situated, | C.A. No: _____ |
| Plaintiff(s), | |
| -against- | **JURY TRIAL DEMANDED** |
| CAPITAL ACCOUNTS, LLC and JOHN DOES 1-25, | |
| Defendant(s). | |

## COMPLAINT - CLASS ACTION

### I.   PRELIMINARY STATEMENT

1.      Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, CAPITAL ACCOUNTS, LLC ("CAPITAL ACCOUNTS) and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

Page **1** of **12**

### III.    PARTIES

4.    Plaintiff is a natural person, a resident of Montgomery County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5.    CAPITAL ACCOUNTS maintains a location at 2120 Crestmoor Road, Nashville, Tennessee 37215.

6.    CAPITAL ACCOUNTS uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

7.    CAPITAL ACCOUNTS uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8.    John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

### IV.    STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    At some time prior to May 29, 2019, Plaintiff allegedly incurred a financial obligation to FARSHID SANAVI DDS ("SANAVI DDS").

16.     The SANAVI DDS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     Plaintiff incurred the SANAVI DDS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18.     The SANAVI DDS obligation did not arise out of a transaction that was for non-personal use or business use.

19.     On or before May 29, 2019, SANAVI DDS referred the SANAVI DDS obligation to CAPITAL ACCOUNTS for the purpose of collections.

20.     At the time the SANAVI DDS obligation was referred to CAPITAL ACCOUNTS, the SANAVI DDS obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

21.     CAPITAL ACCOUNTS caused to be delivered to Plaintiff a letter, which was addressed to Plaintiff.   A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

22.     The letter was sent to Plaintiff in connection with the collection of the SANAVI DDS obligation.

23.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24.     Upon receipt, Plaintiff read the letter.

25.     The letter provided the following information regarding the balance claimed due on the SANAVI DDS obligation:

Balance     $86.29

26.     The letter stated in part that:

This communication is from a debt collector. **This is an attempt to collect a debt** and any information obtained will be used for that purpose.

Because of interest, **late charges**, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 800-983-4730. (emphasis added)

27.     As of the date of the May 29, 2019 letter, SANAVI DDS ceased assessing late charges on the SANAVI DDS obligation.

28.     As some time prior to May 29, 2019 letter, SANAVI DDS ceased charging or adding late charges to the balance of the SANAVI DDS obligation.

29.     SANAVI DDS never authorized CAPITAL ACCOUNTS to charge or add late charges to the balance of the SANAVI DDS obligation.

30.     As of the date of the May 29, 2019 letter, neither SANAVI DDS nor CAPITAL ACCOUNTS had the legal or contractual authority to assess late charges on the SANAVI DDS obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

31.     CAPITAL ACCOUNTS knew or should have known that its actions violated the FDCPA.

32.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

33.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

      (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

      (c)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

      (d)    Making a false representation of the character, amount legal status of the debt.

34.    Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

## V.    CLASS ACTION ALLEGATIONS

35.    Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

36.    This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from CAPITAL ACCOUNTS, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.  The Class period begins one year prior to the filing of this Action.

37.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a
class action:

   a.  <u>Numerosity:</u> The Class is so numerous that joinder of all members is
       impracticable because there are hundreds and/or thousands of persons who
       were sent debt collection letters and/or notices from the Defendant(s) that
       violate specific provisions of the FDCPA. Plaintiff is complaining about a
       standard form letter and/or notice that was sent to at least fifty (50)
       persons (*See* **<u>Exhibit A</u>**)**.** The undersigned has, in accordance with FRCP
       Rule 5.2, redacted the financial account numbers and/or personal
       identifiers in said letter.

   b.  <u>Commonality:</u> There are questions of law and fact common to the class
       members which predominate over questions affecting any individual Class
       member.   These common questions of law and fact include, without
       limitation:

      i.    Whether the Defendants violated various provisions of the
            FDCPA;

      ii.   Whether Plaintiff and the Class have been injured by the
            Defendants' conduct;

      iii.  Whether Plaintiff and the Class have sustained damages and are
            entitled to restitution as a result of Defendants' wrongdoing and if
            so, what is the proper measure and appropriate statutory formula to
            be applied in determining such damages and restitution; and

      iv.   Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

38.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

39.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

40.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §**
**1692*et seq.* VIOLATIONS**

41.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42.     CAPITAL ACCOUNTS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

43.     The SANAVI DDS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

44.     SANAVI DDS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

45.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46.     The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

47.     Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional late charges.

48.     Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the SANAVI DDS obligation would increase due to late charges.

49.     Defendant's letters would cause the least sophisticated consumer to believe that the balance of the SANAVI DDS obligation could increase due to late charges.

50.     Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the SANAVI DDS obligation could increase due to late charges.

51.     Defendants' representation that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

52.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

53.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

54.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to late charges.

55.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

56.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

57.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

58.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to late charges.

59.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding late charges.

60.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add late charges.

61.     Defendants violated 15 U.S.C. § 1692e(2)(A) as late charges were no longer being assessed on the SANAVI DDS obligation.

62.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

63.     Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional late charges when in fact the amount due would not and did not increase due to late charges.

64.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

65.     Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges.

66.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

67.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

68.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

69.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

70.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

71.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

72.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## DEMAND FOR JURY TRIAL

73.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR DAMAGES

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: May 31, 2019

/s/ Robert P. Cocco
Robert P. Cocco, Esq., Pa. I.D. No. 61907
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 261-6055 facsimile

# EXHIBIT A

P.O. Box 140065
Nashville, TN 37214

00430

 *CAPITAL*ACCOUNTS

*866.854.5359 (phone)• 800.296.3317 (fax)*



75599-8A
Jennifer Edmonds
7450 Sycamore Av
Lamott PA 19027-1052

Account No.: ███████
Creditor: Farshid Sanavi Dds
Balance: $86.29

------------------------------------------------------------------------

Enclosed is the itemization you requested.

Jennifer Edmonds
#
n ███████

Balance: $86.29

Sincerely,

Capital Accounts

Capital Accounts

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 800-983-4730.

**CO** = A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR

Our local address is 80 Garden Center, Suite 3, Broomfield, CO 80020. Our local phone number is 303-920-4763.

**ME** = Our hours of operation are Mon - Thu 8:30 am to 7:00 pm EST, Fri 8:30 am to 5:00 pm EST and Sat closed.

**NC** = North Carolina Department of Insurance permit number 103277.

**NY** = New York City Department of Consumer Affairs license number 1282141.

**TN** = This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance. 500 James Robertson Parkway, Nashville, Tennessee 37243.

**CA** = Nonprofit credit counseling services may be available in the area.

Nonprofit credit counseling services may be available in the area.

**UT** = As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**MN** = This collection agency is licensed by the Minnesota Department of Commerce.

**WI** = This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.