| | |
|---|---|
| JENNIFER EDMONDS, on behalf of herself and all others similarly situated, | C.A. No: 2:19-cv-02490-HB |
| Plaintiff(s), | **JURY TRIAL DEMANDED** |
| -against- | |
| CAPITAL ACCOUNTS, LLC and JOHN DOES 1-25, | |
| Defendant(s). | |

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR DEFAULT OF JUDGMENT

Respectfully, submitted

Law Offices of Robert P. Cocco, P.C.
Robert P. Cocco, Esq. (Pa. Id No. 61907)
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 261-6055 facsimile
rcocco@rcn.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ……………………………………………………………

JURISDICTION AND VENUE ……………………………………………………………….

PROCEDURAL HISTORY …………………………………………………………………….

FACTS ……………………………………………………………………………………………….

ARGUMENTS …………………………………………………………………………………...
  I.    PLAINTIFFS ARE ENTITLED TO A DEFAULT JUDGMENT ……………………….
 II.    THE COMPLAINT STATES A VALID CAUSE OF ACTION …………………………
III.    PLAINTIFFS ARE ENTITLED TO STATUTORY DAMAGES, ATTORNEY FEES AND COSTS …………………………………………………………………….
      A.  A Prevailing Consumer is Entitled to Attorney's Fees Under the FDCPA, Calculated Pursuant to the Lodestar Method ……………………………
      B.  Reasonable Hourly Rates ………………………………………………………
      C.  Time Reasonably Expended ……………………………………………………
      D.  Costs …………………………………………………………………….
      E.  Preparation of Fee Petition ……………………………………………………
      F.  Proportionality is Not Appropriate in Assessing the Fee Request ……
      G.  A Prevailing Consumer is Also Entitled to Costs Under the FDCPA……

CONCLUSION …………………………………………………………………………..

## PRELIMINARY STATEMENT

This action seeks to recover for violation of the Fair Det Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA").

Defendant, Ability Recovery Services, LLC ("ARS") has adopted a nationwide strategy of violating the FDCPA and then allowing defaults to be entered against it. This Court should exercise its discretion to enter a default judgment against ARS because otherwise, Plaintiff will have no recourse against ARS for its unlawful activities.

## JURISDICTION AND VENUE

This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this Judicial District and at least one of the Plaintiffs resides in this Judicial District.

## PROCEDURAL HISTORY

The complaint against Defendants was filed by Plaintiff on October 29, 2018 (Dkt. 1). A summons was issued as to Defendant on June 7, 2019. The summons was returned executed on July 8, 2019, indicating service had been completed on June 14, 2019. (Dkt. 3). Defendant's answer was due on July 5, 2019. A Clerk's certificate of default was requested on July 8, 2019. (Dkt. 4). Judgment was vacated on July 23, 2019 after contact between plaintiff's counsel and in-house counsel for Defendant. Thereafter, no responsive pleading was filed by Defendant despite phone contact with Defendant's in-house counsel on July 23, 2019 and October 8, 2019 as well as email contacts on July 23 and August 23, 2019.

## FACTS

Plaintiff is an individual who is a citizen of the State of Pennsylvania and is a "consumer" as defined by 15 U.S.C. § 1692a(3). Defendant is an entity that uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect directly or indirectly, debts owed or due or asserted to be owed or due another, and it is therefor a "debt collector" as defined by U.S.C. § 1692a(6). Plaintiff's alleged debt was primarily for personal, family, or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5). Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt. At a time known to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection. Defendant contacted Plaintiff by written correspondence. Plaintiff disputed the debt. Nonetheless Defendant reported the debt, without disclosing that it was disputed to credit agencies. As set forth *infra,* Defendant's communication violated the FDCPA.

## ARGUMENT

### I. PLAINTIFFS ARE ENTITLED TO A DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure provides that a default occurs when a party against whom a judgment for affirmative relief is sought has "failed to plead or otherwise defend" against a claim within the time allowed by the Federal Rules of Civil Procedure, the clerk "must enter the party's default". Rule 55 requires a two-step process, first the entry of default by the clerk and second the entry of a default judgment by the court. *New York Life Ins. Co. v. Brown, 84 F.3d 137,141* (5th Cir. 1996) ("A *default* is when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of*

*default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.")

In this matter the clerk has entered default pursuant to FRCP 55(a) , Plaintiff is entitled to judgment pursuant to FRCP 55(b)(2), the requested relief is within the scope of Plaintiff's complaint, the defaulting party is deemed to have admitted the well-pleaded allegations in the complaint *Greyhound Exhibit Group Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155,158* (2nd Cir. 1992) and the defendant has not made an appearance or filed an answer and thus is not entitled to notice. *Bobrow Greenapple & Skolnik v. Woods, 865 F.2d 43* (2nd Cir. 1989) (default judgment was proper without notice when defendants failed to make any appearance in action and never responded to papers served on them).

In conclusion, Plaintiff has satisfied all the required procedural requirements for entry of a default judgment. Specifically, Defendant did not answer the Compliant in this action after being served with a Summons., the Clerk of the Court recognized Defendant's default. Lastly, the Complaint contains sufficient factual matter to warrant entry of a default judgment.

**II.   THE COMPLAINT STATES A VALID CAUSE OF ACTION**

15 U.S.C. § 1692e provides that a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. CAPITAL ACCOUNTS caused to be delivered to Plaintiff a collection letter, providing, in relevant part, the following information regarding a $86.29 balance claimed due by SANAVI DDS:

> This communication is from a debt collector. **This is an attempt to collect a debt** and any information obtained will be used for that purpose.
>
> Because of interest, **late charges**, and other charges that may vary from day to day, the amount due on the day you pay

> may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 800-983-4730**.**
> (emphasis added)

As of the date of the May 29, 2019 letter, SANAVI DDS ceased assessing, charging, or adding late charges to the balance of the SANAVI DDS obligation and never authorized CAPITAL ACCOUNTS to charge or add late charges to the balance of the alleged obligation. As of the date of the May 29, 2019 letter, neither SANAVI DDS nor CAPITAL ACCOUNTS had the legal or contractual authority to assess late charges on the SANAVI DDS obligation. See <u>Hovermale v. Immediate Credit Recovery, Inc.</u>, 2016 WL 4157160 (D.N.J. August 4, 2016); <u>Hovermale v. Immediate Credit Recovery, Inc.</u>, 2018 WL 6322614 (D.N.J. December 4, 2018). CAPITAL ACCOUNTS knew or should have known that its actions violated the FDCPA.

15 U.S.C. § 1692e enumerates various examples of debt collector prohibited actions without limiting it to the enumerated examples. 15 U.S.C. § 1692e(2)(A) prohibits falsely representing the character, amount and legal status of any debt. Defendant violated this enumerated provision by falsely representing the amount or legal status of the alleged debt by addition of late charges.

Defendant violated 15 U.S.C. § 1692e(10) by falsely representing and or attempting to collect or attempt to collect that a debt inlcuding late charges that were not owed. The FDCPA statute is one of strict liability. Since the Defendant has presented no evidence that this was an error Defendant as a matter of law is liable, as Defendant has the burden of proof to prove error. See 15 U.S.C. § 1692k(c).

### III. PLAINTIFFS ARE ENTITLED TO STATUTORY DAMAGES, ATTORNEY FEES AND COSTS

Plaintiff seeks a statutory damages award of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k. Plaintiff seeks statutory fees and costs pursuant to 15 U.S.C. § 1692k; in the amount set forth in Exhibit "1" (attorney's fees) and "2" (costs) to the accompanying Declaration of Robert P. Cocco.

#### A. A Prevailing Consumer is Entitled to Attorney's Fees Under the FDCPA, Calculated Pursuant to Lodestar Method

The general rule in the American legal system is that each party must pay its own attorneys' fees and costs, regardless of the outcome of litigation. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 550 (2010). However, the FDCPA, authorizes a court to depart from the American Rule and award attorney fees to a prevailing party. 15 U.S.C. § 1692k(a)(3).

In fee sifting cases, the Supreme Court has held that the "most useful starting point for determining the amount of a reasonable fee … is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1. The lodestar is presumed to yield a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557 (1992). Reductions may only be made where there is conclusive evidence that the hours were not reasonably expended, or the requested hourly rate is not reasonable. See *Hensley*, 461 U.S. at 434 (hours not reasonable if excessive, redundant or unnecessary); *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (rates to be calculated according to prevailing market in the relevant community).

The lodestar and expenses for counsel here is $5,890.25 reflecting 8.8 hours of attorneys' time at $500.00 per hour plus costs of $490.25.

### B. Reasonable Hourly Rates

The hourly rates for plaintiff's counsel are well within the range of what is reasonable and appropriate in this market for plaintiff counsel. The requested hourly rates are also reasonable when viewed in the context of a framework that many other courts have used to determine appropriate hourly rates and the Laffey Matrix, (see USAO ATTORNEY'S FEES MATRIX – 2015- 2019, aka the Laffey Matrix which shows hourly rates for attorneys with various experience levels. This was a subject of discussion in a 2005 decision by our Court of Appeals. See *Interfaith Community Organization v. Honeywell International, Inc*. 426 F.3d 694 (3rd Cir. 2005). Plaintiff's counsels' respective certification supports their currently hourly rates. The hourly rates are within the range charged by attorneys with comparable experience levels for consumer class action of a similar nature.

Here, Plaintiff respectfully submits that the Court should find that the reasonable hourly rates in this case are as laid out in the USAO ATTORNEY'S FEE MATRIX 2015-2019.

### C. Time Reasonably Expended

In support of this petition, Plaintiff's Counsel has submitted detailed time records specifying the date the work was performed, the nature of the work, and the amount of time spent. This submission satisfies this Circuit's degree of specificity required for a party seeking attorneys' fees. See *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3rd Cir. 1990) (specificity required to determine if the hours claimed are unreasonable for the work performed). All the time listed in the time records see Exhibit 1 in Robert P. Cocco's Declaration was reasonably

necessary to achieve the successful outcome for the plaintiff. The time incurred in preparing this memorandum is simply the result of Defendant's default litigation strategy.

### D. Costs

Plaintiff's Counsel Certification filed herewith show that costs as set forth herein were incurred in the prosecution of this case. The bulk of those costs were for filing fees. All of those costs were advanced by Plaintiff's Counsel and were necessary.

### E. Preparation of Fee Petition

Plaintiff Counsel is entitled to recover for the time spent in preparing the fee application. *Prandini v. National tea Co.,* 585 F.2d 47, 52-53 (3rd Cir. 1978). Plaintiff's Counsel has included in their submission time spent in preparing the instant memorandum, which is reasonable.

### F. Proportionality is Not Appropriate in Assessing the Fee Request

Oftentimes there is concern in consumer protection cases as to whether the requested attorney fee is reasonable in light of the amount awarded to the Plaintiff. However, the fact that the amount obtained for the Plaintiff is small in relation to Plaintiff Counsel's fee request does not make the fee request unreasonable. *Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031, 1041-42 (3rd Cir. 1996); *Sheffer v. Experian Information Solutions, Inc.*, 290 F. Supp. 2d 538, 550-51 (E.D. Pa. 2003) ("proportionality analysis between the amount of damages awarded and the amount of counsel fees requested … *is an impermissible basis upon which to reduce a fee award"*). (emphasis added) *Oslan v. Law Offices of Mitchell N. Kay,* 232 F.s Supp.2d 444 (E.D. Pa. 2002).

Courts recognize that it is in the nature of consumer protection litigation that statutory damages are often small in relation to the fees incurred in prevailing. See *Cope v. Duggins,* 203 F. Supp. 2d 650 (E.D. La 2002). Under the FDCPA, the amount of attorney fees awarded is not

required to be proportionate to the amount of damages recovered. This is to encourage private counsel to enforce important consumer rights legislation, noting that Congress contemplated that civil plaintiffs would act as private attorney generals, The Third Circuit has stated:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer protection, and environmental policies. By providing competitive rates, we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be violated.

*Student Public Interest Research Group of New Jersey v. AT&T Bell Laboratories,* 842 F.2d 1436, 1449 (3r Cir 1988). One of the basic realities of consumer litigation was recognized by the Fifth Circuit in *McGowan v. King.*, 661 F.2d 48, 51 (5th Cir. 1981), where the court stated:

> The borrower's counsel did not inflate this small [Truth-In-Lending] case into a large one. its protraction resulted from the stalwart defense. And although Defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions require of their opponents and thus, if unsuccessful, be required to bear that cost.

See also, *Newnan v. Piggy Park Enters., Inc*., 390 U.S. 400,402.

The same principles apply here in the context of a defaulted case. While the fees sought by Plaintiff's Counsel might be considered by some to be relatively large in relation to the amount of the award for the Plaintiff, in actuality the fees are reasonable under the circumstances, given the extra work that needed to be done because of Defendant's default and the subsequent collection activity to collect the judgment amount.

### G. A Prevailing Consumer is also Entitled to Costs Under the FDCPA

Under the FDCPA, a prevailing consumer is entitled to the costs incurred in the action. *Duyon v. NY Med. Health Care, P.C.,* 49 F. Supp. 3d at 352 (citing 15 U.S.C. § 1692k(a)(3); see also *Jacobson v. Healthcare Fin. Servs, Inc.,* 516 F.3d 85, 95 (2nd Cir. 2008). As such Plaintiff respectfully submits that costs be granted as detailed in the Declaration of Robert P. Cocco.

## **CONCLUSION**

For all the reasons set forth herein, it is respectfully requested that the Court grant the instant Motion for Default Judgement against Defendant and award Plaintiffs the sum of $3,681.25.

Dated: Jan. 27, 2020

                                             *s/ Robert P. Cocco*
                                             Robert P. Cocco, Esq. (Pa. Id No. 61907)
                                             Law Offices of Robert P. Cocco, P.C.
                                             1500 Walnut Street, Suite 900
                                             Philadelphia, Pennsylvania 19102
                                             (215) 351-0200 telephone
                                             (215) 261-6055 facsimile
                                             rcocco@rcn.com
                                             *Attorneys for Plaintiff*