UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER EDMONDS, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>CAPITAL ACCOUNTS, LLC and JOHN DOES 1-25,<br><br>Defendant(s). | C.A. No: 2:19-cv-02490-HB<br><br><br>**JURY TRIAL DEMANDED** |

**DECLARATION IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I, Robert P. Cocco, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am Robert P. Cocco, am counsel for Plaintiff in the above captioned action. I have personal knowledge of the facts set forth in this Declaration. I respectfully submit this Declaration in support of Plaintiff's application for the entry of a default judgment against Defendant. Attached hereto as Exhibits "1" and "2" are Plaintiff's counsel's time records and bill of costs respectively.

2. This action seeks to recover for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

3. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. Plaintiff is an individual who is a citizen of the state of Pennsylvania and is a

"consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purposes of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692 a(6).

6. Plaintiff's alleged debt was primarily for personal, family, or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5). Sometime after the occurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have defaulted on the alleged debt. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

7. CAPITAL ACCOUNTS caused to be delivered to Plaintiff a collection letter, providing, in relevant part, the following information regarding a $86.29 balance claimed due by SANAVI DDS:

> This communication is from a debt collector. **This is an attempt to collect a debt** and any information obtained will be used for that purpose.
>
> Because of interest, **late charges**, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection. For further information, write the undersigned or call 800-983-4730. (emphasis added)

8. As of the date of the May 29, 2019 letter, SANAVI DDS ceased assessing, charging, or adding late charges to the balance of the SANAVI DDS obligation and never authorized CAPITAL ACCOUNTS to charge or add late charges to the balance of the alleged obligation.

9. As of the date of the May 29, 2019 letter, neither SANAVI DDS nor CAPITAL ACCOUNTS had the legal or contractual authority to assess late charges on the SANAVI DDS obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

10. CAPITAL ACCOUNTS knew or should have known that its actions violated the FDCPA.

11. Plaintiff also seeks attorney fees and costs pursuant to 15 U.S.C. § 1692k in the amounts set forth herein.

12. Attached as Exhibits 1 and 2 hereto are the Law Offices of Robert P. Cocco invoices for this matter's fees and costs, respectively. The invoice includes descriptions of the work performed, time and the corresponding fees at the rates shown.

13. I have been practicing law in Philadelphia, since passing the bar, for over 20 years, over half of which has been concentrated in the areas of Consumer Law including mortgage lending, debt collection and credit dispute litigation in both the state and federal Courts of the Eastern District of Pennsylvania.  I have litigated dozens of cases in both the state and federal Judiciary on behalf of consumer debtors which cases include published opinions on the results of such efforts, McMaster v. CIT Group/Consumer Fin., Inc., 2006 U.S. Dist. LEXIS 28831 (E.D. Pa. 2006) and Johnson v. Chase Manhattan Bank, 2007 U.S. Dist. LEXIS 50569 (E.D. Pa. 2007).  I have been a presenter and panel member numerous times at seminars on consumer law issues for the Pennsylvania Bar Institute and the National Business Institute. In 2008, I received a Community Leadership Award sponsored by Sen. Shirley Kitchen of the Pennsylvania State Senate to recognize my legal representation of Philadelphia residents

victimized in abusive consumer transactions.

14. It is declarant's opinion that attorney fee awards in consumer law cases to prevailing plaintiffs have historically been insufficient to generally attract qualified counsel to represent plaintiffs on a contingency or partial contingency fee basis and that the risk and work required to successful prosecute a consumer law case is uniquely different and greater than handling other types of cases, based on the novelty and difficulty of the legal and factual issues frequently involved.

15. It is the further opinion of declarant that the failure to adequately compensate consumer law plaintiffs has a negative effect on the ability of consumers to obtain adequate legal representation for meritorious claims.

WHEREFORE, Plaintiff requests that this motion be granted.

Respectfully submitted,

*/s/ Robert P. Cocco*
Robert P. Cocco, Esq.
Robert P. Cocco, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
bob.cocco@outlook.com

Date: Jan. 27, 2020