IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER EDMONDS, on behalf of herself and all others similarly situated,**<br><br>*Plaintiff*<br><br>**v.**<br><br>**CAPITAL ACCOUNTS, LLC,**<br><br>*Defendant* | Case No. 2:19-cv-02490-JDW |

## MEMORANDUM

Jennifer Edmonds seeks a default judgment against Capital Accounts, LLC, for her claim arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Because Edmonds' request is not for a sum certain, the Court construes her request as a motion under Federal Rule of Civil Procedure 55(b)(2). For the following reasons, the Court grants Edmonds' motion and enters judgment against Capital Accounts in the amount of $1,000 in statutory damages, plus reasonable attorneys' fees.

### I.     BACKGROUND

At some point prior to May 29, 2019, Edmonds incurred a financial obligation to Farshid Sanavi, DDS. Edmonds defaulted on the obligation, so Sanavi referred the account to Capital Accounts for collection. Capital Accounts sent a letter to Edmonds in an attempt to collect the financial obligation. Although the letter that Edmonds has provided the Court is undated, she alleges that it was sent on May 29, 2019, and the Court accepts that allegation as true. The letter

identifies Capital Accounts as a debt collector and states that the letter was an attempt to collect a debt. It also included the balance of the financial obligation.

In its letter, Capital Accounts states, "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due may be greater . . . ." (ECF No. 1, Ex. A). However, as of the date of the letter, Sanavi had ceased assessing late charges on the debt obligation. In addition, Sanavi never authorized Capital Accounts to charge or add late charges to the balance of the debt obligation. Edmonds claims that as of the date of the letter, neither Sanavi nor Capital Accounts had the legal or contractual authority to assess late charges on the debt obligation.

Edmonds contends that Capital Accounts violated three separate provisions of the FDCPA. She seeks $1,000 in statutory damages under the FDCPA, 28 U.S.C. § 1692k(a)(1), and reasonable attorneys' fees. On July 18, 2019, the Clerk entered a default against Capital Accounts. On July 23, 2019, Edmonds filed a praecipe to vacate the default judgment based on an agreement between Edmonds and Capital Accounts' in-house counsel that Capital Account would respond to the Complaint. Capital Accounts never responded, however. On January 15, 2020, the Clerk again entered a default against Capital Accounts. This Motion followed.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) authorizes a district court to enter a default judgment against a properly served defendant who fails to appear. See Fed. R. Civ. P. 55(b)(2). To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the Clerk of Court pursuant to Fed. R. Civ. P. 55(a). Then, the district court has discretion as to whether to grant a motion for a default judgment. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir.2005). However, "it remains for

2

the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Butler v. Experian Info. Sols.*, No. CV 14-07346, 2016 WL 4699702, at *2 (E.D. Pa. Sept. 7, 2016) (*quoting* 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688.1 (4th ed.)). The court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. *Id*.

## III. ANALYSIS

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). Because the statute is remedial in nature, courts construe its language broadly, so as to effectuate its purpose. *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 280 (3d Cir. 2018). The FDCPA provides for statutory damages of $1,000. *See* 15 U.S.C. § 1692k(a)(2)(A). To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Here, there is no meaningful question about first three elements. The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Edmonds qualifies. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Capital Accounts admits it is a debt collector in its letter to Edmonds. Edmonds' obligation to Sanavri is a debt because it is

3

an obligation of a consumer "to pay money arising out of a transaction in which the money ... [is] primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

The remaining question is whether Edmonds plausibly alleges conduct that amounts to a violation of § 1692e. Courts in this Circuit apply the "least sophisticated debtor" standard when deciding if debt collection violates § 1692e. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015). In doing so, the Third Circuit has "focus[ed] on whether a debt collector's statement in a communication to a debtor would *deceive* or *mislead* the least sophisticated debtor." *Id.* (emphases in original) (citation omitted). Here, Edmonds has alleged violations of §§ 1692e(2)(A), 1692e(5), and 1692e(10). The Court considers each provision in turn.

### A. 15 U.S.C. § 1692e(2)(A)

15 U.S.C. §§ 1692e(2)(A) prohibits "the false representation of ... the character, amount, or legal status of any debt." To state a claim under § 1692e, a false statement "must be material when viewed through the least sophisticated debtor's eyes[,]" which means "it has the potential to affect the decision-making process of the least sophisticated debtor[.]" *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 284 (3d Cir. 2018) (quotations omitted).

Here, Edmonds avers that Capital Accounts violated § 1692e(2)(A) by making a false representation in its letter to Edmonds that "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due may be greater." (ECF No. 1 at ¶¶ 57-61, Ex. A). That statement was false because there were not going to be late charges. The misrepresentation, as alleged, is one that could affect an unsophisticated debtor's decision-making process about whether to disclose the requested personal information to the debt collector. Edmonds has plausibly alleged a violation of § 1692e(2)(A).

### B. 15 U.S.C. § 1692e(5)

A debt collector violates § 1692e(5) of the FDCPA when it "threat[ens] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). To establish a claim under section 1692e(5), a plaintiff must demonstrate the debt collector threatened to take an action that could not legally be taken. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir.2006). After examining the language of the letter from Capital Accounts to Edmonds, the Court cannot conclude that the letter contains a threat to take any action. It does not threaten a lawsuit, a lien, or any other act. Edmonds' complaint therefore fails to plead a violation of § 1692e(5).

### C. 15 U.S.C. § 1692(e)(10)

It is unlawful for a debt collector to "use ... any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692(e)(10). Here, the misrepresentation is the same as the one implicated in Edmonds' § 1692(e)(2)(A) claim: Capital Accounts claimed that late charges could accrue, even though they could not. The assertion in Capital Accounts' letter to Edmonds—that late charges could be applied to her bill—constitutes a plausible misrepresentation of the amount of debt Edmonds owed, in the context of an attempt to collect a debt. It therefore constitutes a plausible violation of § 1692e(10).

### D. Reasonable Attorneys' Fees And Costs Of Suit

In addition to damages, the FDCPA allows a prevailing plaintiff to collect "costs of the action" and "reasonable attorneys' fees ... in the case of any successful action to enforce" the FDCPA. 15 U.S.C. § 1692k(a)(3). In awarding fees under this rubric, the "court should determine what constitutes a reasonable fee in accordance with the substantial Supreme Court precedent

5

pertaining to the calculation of reasonable attorney's fees." *Granziano v. Harrison*, 950 F.2d 107, 114 (3d Cir. 1991). The FDCPA mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Id*. at 113. To determine a reasonable fee, courts begin by calculating the lodestar: the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate for the work completed. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703, n.5 (3d Cir.2005) (citations omitted). The movant for attorney's fees and costs "bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Id*. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine "the prevailing market rates in the relevant community," a court must "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Interfaith Cmty. Org.*, 426 F.3d at 708 (quote omitted).

Edmonds submitted an affidavit and itemized invoice detailing the date, time, hourly rate, and total fee for each task carried out to further this litigation. (ECF Nos. 10-2, 10-3.) The lodestar and expenses here are $2,681.25, reflecting 4.2 hours of attorneys' time at $530.00 per hour plus costs of $455.25. Edmonds has also submitted a copy of the U.S. Attorney "Laffey" Fee Matrix for the period of 2015 to 2019, reflecting hourly rates for attorneys with various levels of experience. The Third Circuit has used the Laffey Matrix to determine appropriate hourly billing rates. *See, e.g.*, *Interfaith*, 426 F.3d at 708. The Court will do so here as well.

Edmonds' attorney, Robert P. Cocco, requests $530 per hour, which is a reasonable hourly rate based on his years of experience and the prevailing market rates in the Laffey Matrix. Counsel

for Edmonds worked 4.2 total hours on the case, which is comparable (if not less than) recent FDCPA lawsuits resulting in default judgment. *See, e.g.*, *Bower v. NRA Grp.*, LLC, No. CV 18-389, 2019 WL 3306515, at *6 (W.D. Pa. July 22, 2019); *Murphy v. Ability Recovery Servs., LLC*, No. 1:18-CV-327-SPB-RAL, 2019 WL 5587026, at *2 (W.D. Pa. Oct. 30, 2019). The costs as detailed in Exhibit 1 are also appropriate. Accordingly, Edmonds is entitled to $2,681.25 in attorneys' fees and costs.

## **CONCLUSION**

For the foregoing reasons, the Court will grant the motion and enter default judgment against Capital Accounts for $3,681.25, of which $1,000 is for statutory damages, and $2,681.25 is for attorneys' fees and costs. The Court awards these damages to Edmonds in her individual capacity. Because Edmonds has not moved for class certification in this action, the default judgment does not implicate prospective class members. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated: February 4, 2020